ELECTRONIC CITATION: 2011 FED App. 0006P (6th Cir.)
File Name: 11b0006p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: STEVEN W. BROCKMAN and DONNA S. BROCKMAN,<br><br>Debtors.<br>_____<br><br>J. JAMES ROGAN,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>AMERICAN GENERAL HOME EQUITY, INC.,<br><br>Defendant - Appellee.<br>_____ | No. 10-8060 |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Bankruptcy Case No. 10-50284; Adv. Proceeding No. 10-05051

Decided and Filed: June 17, 2011

Before: BOSWELL, McIVOR, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ON BRIEF:** J. James Rogan, J. JAMES ROGAN, P.S.C., Danville, Kentucky, for Appellant. Richard A. Vance, STITES & HARBISON, PLLC, Louisville, Kentucky, Valorie D. Smith, STITES & HARBISON, PLLC, Lexington, Kentucky, for Appellee.

## OPINION

MARCI B. McIVOR, Bankruptcy Appellate Panel Judge. J. James Rogan, chapter 7 trustee, appeals an order of the bankruptcy court granting summary judgment in favor of American General Home Equity, Inc. on the Trustee's adversary complaint seeking to avoid a mortgage granted to American General by chapter 7 debtor Donna Brockman on the grounds that the mortgage did not properly describe the property encumbered by the mortgage.

### I. ISSUE ON APPEAL

The issue presented by this appeal is whether the bankruptcy court erred in granting summary judgment in favor of American General Home Equity, Inc. The court found that the property description in the subject mortgage was sufficient under Kentucky law and dismissed the Trustee's adversary proceeding seeking to avoid the mortgage.

### II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Panel, and neither party timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An order granting summary judgment is a final order. *Drown v. Nat'l City Bank (In re Ingersoll)*, 420 B.R. 414, 415 (B.A.P. 6th Cir. 2009).

The bankruptcy court's final order granting the chapter 7 trustee's motion for summary judgment is reviewed de novo. *See Int'l Dairy Foods Ass'n v. Boggs*, 622 F.3d 628, 635 (6th Cir. 2010). "'Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination.'" *In re Ingersoll*, 420 B.R. at 415 (quoting *Buckeye Check Cashing, Inc. v. Meadows (In re Meadows)*, 396 B.R. 485 (B.A.P. 6th Cir. 2008)).

## III. FACTS

On January 27, 2006, Donna S. Brockman[1] ("Debtor") and her former husband, David Hogston, granted a mortgage in favor of American General Home Equity, Inc. ("American General") to secure indebtedness of $132,897.86. The mortgage was duly recorded on January 30, 2006, in the Fayette County Clerk's Office in Mortgage Book 5610, pages 141-146.

In the space provided for a property description, the mortgage reads: see EXHIBIT "A." Following the page containing the Debtor's signature is a page marked "EXHIBIT A LEGAL DESCRIPTION." That page is attached to and recorded with the mortgage at page 146 of the county mortgage book and provides, in pertinent part:

> Being all of Lot No. 6, Block "F", Unit 1-E of the Fairhaven Subdivision, to the City of Lexington, Fayette County, Kentucky, as shown by plat of record in Plat Cabinet F, Slide 498, in the Fayette County Clerk's Office, to which reference is made for a more particular description of the property.
>
> BEING THE PROPERTY CONVEYED IN Deed from First Kentucky Homes, Inc. to David Hogston and Donna R. Hogston, Husband and Wife, dated 6/14/1988, recorded 06/15/1988, in Deed Book 1479, Page 575, in the County Clerk's Office for Fayette County, Kentucky.

(Exhibit 1 to Appellant's Br. at 5.)

On January 29, 2010, the Debtor and her current husband, Steven W. Brockman, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On February 1, 2010, J. James Rogan was appointed chapter 7 trustee ("Trustee"). On May 20, 2010, the Trustee filed an adversary complaint seeking to avoid the mortgage granted in favor of American General by the Debtor and her former husband, David Hogston.[2]

The Trustee's adversary complaint sought to avoid American General's mortgage pursuant to the Trustee's powers as a hypothetical bona fide purchaser under 11 U.S.C. § 544. The Trustee argues that the mortgage is avoidable because the property encumbered was not described prior to

---

[1] Formerly known as Donna R. Hogston.

[2] The Debtor was the sole owner of the mortgaged property when the chapter 7 petition for relief was filed.

-3-

the signature page of the mortgage. The Trustee asserts that the language, "see EXHIBIT A," does not satisfy the statutory requirement found in Ky. Rev. Stat. Ann. § 440.060(1).

On June 11, 2010, American General filed a motion to dismiss the Trustee's adversary complaint. American General argued that the mortgage was valid based on the incorporation by reference doctrine. On July 19, 2010, the Trustee filed a response to American General's motion to dismiss. After fully briefing the issues and arguing the matter before the bankruptcy court, the parties agreed to have American General's motion to dismiss, and the Trustee's response thereto, deemed cross-motions for summary judgment. The motions were submitted to the bankruptcy court for decision on the record.

On August 6, 2010, the bankruptcy court issued an order granting American General's motion for summary judgment and overruling the Trustee's cross-motion for summary judgment. The Trustee's timely appeal followed.

## IV. DISCUSSION

Pursuant to 11 U.S.C. § 544, the Trustee is considered a bona fide purchaser of the Debtor's property and may therefore avoid certain obligations placed on the property that are voidable under state law. *See, e.g., Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 566 (6th Cir. 2006). Kentucky law governs whether American General's security interest in the Debtor's property is superior to that of the Trustee. *Id.* In Kentucky, a bona fide purchaser of real property is put on constructive notice of a prior interest in property by the presence of a recorded deed or mortgage acknowledged according to law. Ky. Rev. Stat. Ann. § 382.270.

The Trustee does not dispute that the subject mortgage was duly recorded. The Trustee's argument is that the mortgage is insufficient to provide constructive notice to a subsequent bona fide purchaser given the allegedly insufficient legal description under Kentucky law. The Trustee asserts that the legal description is not sufficient because: (1) the legal description of the encumbered property appears after the page of the mortgage which contains the Debtor's signature, and (2) the language "see EXHIBIT A" is insufficient to invoke the incorporation by reference doctrine, which would make Exhibit A part of the mortgage contract. The Trustee contends that the simple "see EXHIBIT A" language used in the subject mortgage is not sufficiently clear because, by not using

words such as "attached hereto" or "made part hereof," the wording "see EXHIBIT A" does not tell a potential purchaser where Exhibit A is located. As a result, the Trustee argues the mortgage does not contain a legal description or street address of the encumbered property prior to the Debtor's signature and is, therefore, an invalid mortgage which may be avoided pursuant to 11 U.S.C. § 544.

The Trustee's argument has no merit. Kentucky Revised Statute § 446.060(1), upon which the Trustee bases his argument, provides that: "[w]hen the law requires any writing to be signed by a party thereto, it shall not be deemed to be signed unless the signature is subscribed at the end or close of the writing." It requires that a document be signed at the end or close of the writing or satisfy the requirements of the incorporation by reference doctrine. The incorporation by reference doctrine states that Ky. Rev. Stat. Ann. § 446.060(1) is satisfied if language after the signature is clearly incorporated by reference into the body of the document.

Kentucky Revised Statute § 446.060(1) embodies the principle that when a signature is placed at the end of an agreement, there is a logical inference that the document contains all of the terms by which the signer intends to be bound. *Gentry's Guardian v. Gentry*, 293 S.W. 1094 (Ky. 1927); *R.C. Durr Co., Inc. v. Bennett Indus., Inc.*, 590 S.W.2d 338 (Ky. Ct. App. 1979). However, Kentucky courts have consistently held that Ky. Rev. Stat. Ann. § 446.060(1) does not abolish the doctrine of incorporation by reference. *See, e.g., Childers & Venters, Inc. v. Sowards*, 460 S.W.2d 343 (Ky. 1970); *Bartelt Aviation, Inc. v. Dry Lake Coal Co., Inc.*, 682 S.W.2d 796 (Ky. Ct. App. 1985). Generally, the doctrine of incorporation by reference provides that "when a signature is placed after clear language [that] has expressed the incorporation of other terms and conditions by reference, it is a logical inference that the signer agrees to be bound by everything incorporated." *Bartelt*, 682 S.W.2d at 797. In order for the incorporating language to be valid and enforceable, it must appear above the signature line as it does in the subject mortgage. *Consol. Aluminum Corp. v. Krieger*, 710 S.W.2d 869 (Ky. Ct. App. 1986). While the doctrine of incorporation by reference has traditionally been applied where a contract includes a provision that incorporates terms printed on the reverse side of the same document, *see Emery Worldwide v. AAF-McQuay, Inc.*, No. 2003-CA-001446, 2005 WL 2402544, at *4 (Ky. Ct. App. Sept. 30, 2005), it has also been applied where the terms being incorporated are found in a separate document that is provided to the party charged with knowledge of the terms therein prior to execution of the contract, such as the subject "EXHIBIT

A." *Id.*; *see also, e.g., Buck Run Baptist Church, Inc. v. Cumberland Sur. Ins. Co.*, 983 S.W.2d 501 (Ky. 1998).

This Panel finds that the attachment of "EXHIBIT A" and reference thereto in the mortgage is a sufficient description of the encumbered property under Kentucky law. While Kentucky's statute of frauds, Ky. Rev. Stat. Ann. § 371.010, requires that contracts for conveyance of property be in writing, neither Ky. Rev. Stat. Ann. § 371.010 nor Ky. Rev. Stat. Ann. § 446.060 requires that a legal description of property be included in a mortgage or other instrument of conveyance. *See Kendrick v. Rothacre (In re Rothacre)*, 326 B.R. 398 (Bankr. E.D. Ky. 2005). Kentucky law does require some description of the property while allowing for "great liberality" in testing the sufficiency of the description; the description is sufficient if it enables any interested party to locate the land. *Louisville Joint Stock Land Bank v. McNeely*, 102 S.W.2d 389, 391 (Ky. 1937). Furthermore, a sufficient description may be found by looking not only to the face of the contract, but to extrinsic evidence. *See Am. Nat'l Bank v. John Van Range Co.*, 278 S.W. 133 (Ky. 1925) (description of property may be sufficient with the aid of extrinsic evidence); *Campbell v. Preece*, 118 S.W. 373 (Ky. 1909) (finding sufficient description of property in deed that stated "this day swapped farms" by looking to extrinsic evidence of actual properties swapped); *Loeb v. Conley*, 169 S.W. 575, 579 (Ky. 1914) ("if it is possible to gather the intention from the description by any reasonable rules of construction, it will be enforced . . . ."); *Baker v. Mortg. Elec. Registration Sys., Inc.*, No. 2006-CA-001450, 2007 WL 3227573, at *5 (Ky. Ct. App. Nov. 2, 2007) (if face of mortgage provides marks by which land can be identified, it is enough to put one on constructive notice; "[D]ocument should be enforced if the description provides enough information to gather the parties' intention by any reasonable rules of construction.").

In the instant case, the description of the property intended to be encumbered by the subject mortgage is made certain by reference to "EXHIBIT A" which was attached to and recorded with the mortgage. The incorporating language, "see EXHIBIT A," appears before the Debtor's signature making it valid and enforceable pursuant to the doctrine of incorporation by reference. The parties' intention to encumber the property described in Exhibit A is easily ascertainable by a potential purchaser under reasonable rules of construction. Prior to the Debtor's signature, the face of the mortgage references, in all capital letters, "EXHIBIT A" which is attached to and recorded with the mortgage. The Trustee's argument that the omission of the word "attached," or a similar term,

renders the description invalid, is simply without merit. An exhibit is by definition attached, making the addition of the word "attached" unnecessary.[3]

The practice of attaching property descriptions to mortgages and incorporating them by reference is common in Kentucky. *See Thacker v. United Cos. Lending Corp. (In re Thacker)*, 229 B.R. 139, 141 (Bankr. W.D. Ky. 1998) ("It is not uncommon for property descriptions to be attached to mortgages and incorporated by reference . . . ."), *rev'd*, 256 B.R. 724 (W.D. Ky. 2000) (reversed finding that recorded but improperly acknowledged mortgage provided subsequent purchasers with constructive knowledge).[4] The reference to Exhibit A prior to the Debtor's signature, in the space provided for a description of the encumbered property, with Exhibit A attached to and recorded with the mortgage, puts a bona fide purchaser of the property on constructive notice of American General's interest in the property. A reasonably prudent real estate purchaser would find the description of the property encumbered by the mortgage upon viewing the mortgage containing the language "see EXHIBIT A". Therefore, the Panel finds that the incorporating language "see EXHIBIT A," and the attached property description complies with Kentucky law, and the mortgage cannot be set aside pursuant to 11 U.S.C. § 544.

## V.   CONCLUSION

For the foregoing reasons, the order of the bankruptcy court granting summary judgment in favor of American General and dismissing the Trustee's adversary proceeding is AFFIRMED.

---

[3] An "exhibit" is a "document attached to and made part of a pleading, motion, contract, or other instrument." BLACK'S LAW DICTIONARY (9th ed. 2009).

[4] In *Thacker*, the bankruptcy court found the property description inadequate because the description was not included in the body of the mortgage but rather on an untitled page physically attached to the mortgage. While the court acknowledged the practice of attaching descriptions and incorporating them by reference is common, in *Thacker*, the space on the form where the description should have been was left completely blank. It did not contain *any* language to incorporate the language found on the *untitled* page.